| | |
|---|---|
| XRAY AEROSPACE CORP. D/B/A MATRIX ARMS | ) ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| SMITH & WESSON BRANDS, INC., and SMITH & WESSON INC. | ) ) |
| Defendants. | |

Civil Action No. _____

**DEMAND FOR JURY TRIAL**

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiff XRAY Aerospace Corp d/b/a Matrix Arms ("Matrix" or "Plaintiff") files this Complaint for Patent Infringement against Defendants Smith & Wesson Brands, Inc. and Smith & Wesson Inc. (collectively "S&W" or "Defendants") and states as follows:

### <u>THE PARTIES</u>

1. Plaintiff XRAY Aerospace Corp. d/b/a Matrix Arms is a corporation organized and existing under the laws of the State of New Hampshire, having its principal place of business in Claremont, New Hampshire.

2. On information and belief, Defendant Smith & Wesson Brands, Inc. is a corporation organized and existing under the laws of the State of Nevada, having a place of business at 1852 Proffitt Springs Rd., Maryville, TN 37801 and can be served by serving its registered agent Corporation Service Company at 2908 Poston Ave., Nashville TN 37203-1312.

3. On information and belief, Defendant Smith & Wesson Inc. is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1852

Proffitt Springs Rd., Maryville, TN 37801 and can be served by serving its registered agent Corporation Service Company at 2908 Poston Ave., Nashville TN 37203-1312.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, as it arises under the patent laws of the United States.

6.      This Court has personal jurisdiction over Defendants because Defendants maintain a place of business within this judicial district, have a continuous, systematic, and substantial presence within this judicial district, and have committed acts of patent infringement in this judicial district, including but not limited to, alone or in conjunction with others, making, using, selling and/or offering to sell pistols that infringe the asserted patents directly, and/or committing acts of indirect infringement, which acts form a substantial part of the events giving rise to this action.

7.      Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Defendants have committed acts of patent infringement in this District and have regular and established places of business in this district.

## BACKGROUND

8.      Matrix is a designer and manufacturer of firearms and firearm components.  It is known for designing and developing high quality, innovative firearms and components of firearms. One such example is the design and development of a removable polymeric shock absorbing buffer component and a slide rail module located within a metal framed striker fired semi-automatic pistol.  In its design, the slide rail module is also known as a locking block on which the slide rides during operation of the firearm.

9. In a striker fired semi-automatic pistol having a metal frame, a slide on the upper portion of the pistol slides rapidly rearward when the pistol is fired until the slide is stopped by slamming into the pistol frame's metal front rail module. There are several detrimental deficiencies in that design. After many firings the front rail module that bears the brunt of the shock of the impacting slide can wear out. Another effect is that the recoil felt by a person shooting the pistol is transmitted to the person's hand without dampening of the recoil. Another effect is that the shock transmitted into the firearms frame and slide can vibrate screws and pins loose that hold the sights used to aim the firearm.

10. The inventors of the patents-in-suit recognized a need for an improved pistol design to overcome the shortcomings of previous metal framed pistols. The inventors conceived of an improved pistol design that reduced and dampened recoil utilizing a buffer that was removeable and replaceable to dampen the recoil of the pistol. The inventors sought to protect the technology that they conceived of by filing patent applications that matured into the patents-in-suit.

11. Matrix is the owner of the patents-in-suit via an assignment and manufactures pistols and components that utilize the technology covered by the patents-in-suit.

## THE PATENTS-IN-SUIT

12. On January 9, 2024, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 11,867,474 ("the '474 patent"), entitled "Pistol With Buffer." The '474 patent claims the benefit of U.S. Provisional Patent Application No. 63/348,804 filed on June 3, 2022. Matrix is the owner by assignment of all rights, title, and interest in the '474 patent. A true and correct copy of the '474 patent is attached hereto as Exhibit A.

13. On April 1, 2025, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 12,264,890 ("the '890 patent"), entitled "Pistol With Buffer." The '890

patent claims the benefit of U.S. Provisional Patent Application No. 63/348,804 filed on June 3, 2022. Matrix is the owner by assignment of all rights, title, and interest in the '890 patent. A true and correct copy of the '890 patent is attached hereto as Exhibit B.

14.    The '474 patent and the '890 patent are referred to collectively herein as the "Asserted Patents."

15.    Matrix has marked patented articles pursuant to 35 U.S.C. Section 287.

16.    An example of Matrix's innovative and patented design of its buffer and slide rail module is illustrated in the photograph below (the slide rail module is shown on the left and the buffer is shown on the right):



17.    The photograph below illustrates Matrix's buffer and slide rail module together prior to insertion into the pistol frame:



Case 3:26-cv-00367-KAC-JEM    Document 1    Filed 08/03/26    Page 4 of 14    PageID #: 4

**DEFENDANTS' INRINGEMENT**

18.     Defendants themselves and/or by, through and/or under the name or brand Smith & Wesson, make, use, sell and offer for sale metal frame pistols covered by the claims in the Asserted Patents.  The accused Smith & Wesson metal frame pistols include a removable slide rail module and recoil dampening buffer.  These components reduce the shock of the slide impacting the frame when the slide slams backward upon firing of the pistol.

19.     Defendant promotes its metal frame pistols that are the subject of this lawsuit under the brands "M&P", "M&P 9 M2.0," and/or "M&P M2.0 Metal."  Attached as Exhibit C is a listing of S&W metal frame pistols that, on information and belief, are asserted to infringe the Asserted Patents.  The pistols identified in this paragraph and the preceding paragraph are referred to as the "Accused Pistols" or "Accused Products."

20.     Matrix will rely on a reasonable opportunity for discovery of information regarding reasonably similar metal frame pistols that Defendants have made, used, sold, offered for sale and/or imported prior to the filing of this lawsuit and that Defendants will make, use, sell, offer for sale and/or import in the U.S. subsequent to the filing of this lawsuit.

21.     The Accused Pistols have a metal frame.

22.     The Accused Pistols include a polymeric component that mates to a steel front block, which Defendants may also be referred to as a "locking block".

23.     Below is a photograph showing an illustrative example of the polymeric component and steel front block included in Defendants' Accused Pistols. (The steel front block is shown on the left, and the polymeric component is shown on the right):

Complaint for Patent Infringement                                      Page 5

7014900.2



24.     The photograph below illustrates the polymeric component and steel front block of the Accused Pistols together prior to insertion into the pistol frame:



25.     On information and belief, Defendants had knowledge of Matrix' unique buffer and slide rail module and/or Matrix's pistols that included its unique buffer and slide rail module prior to commercializing the Accused Pistols.

26.     Defendants' steel front block (which may also be known as a locking block) is a slide rail module.

27.     In operation of Defendants' Accused Pistols, the slide rides on the steel front block (which is also known as a locking block).

28.     Defendants' polymeric component is a buffer.

**29.** Defendants have known of the technology disclosed in the Asserted Patents prior to the issuance of the Asserted Patents. Defendants had knowledge of the patent application, including its claims, that issued as the '474 patent prior to the issuance of the '474 patent. Defendants had knowledge that Matrix contended that the Accused Pistols infringed the claims of the '474 patent at least as early as January 9, 2024.

**30.** Defendants had knowledge of the Asserted Patents prior to the filing of this lawsuit.

**31.** Despite having received a cease-and-desist letter placing Defendants on notice of Matrix's intellectual property rights, Defendants continued, and to this day continue, to make, use, sell, offer for sale and/or import pistols asserted in this Complaint to infringe the Asserted Patents.

**32.** The actions of Defendants complained of herein have resulted in Defendants' and their customers' infringement of Matrix's Asserted Patents and substantial damage to Matrix.

## FIRST CLAIM FOR RELIEF

(INFRINGEMENT OF U.S. PATENT NO. 11,867,474)

**33.** Plaintiff realleges and incorporates herein by reference the allegations stated in paragraphs 1–31 of this Complaint as if set forth fully herein.

**34.** This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

**35.** Matrix is the owner by assignment of the '474 patent with sole rights to enforce the '474 patent and sue infringers.

**36.** The '474 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**37.** Defendants through their agents, employees and/or servants, either alone or in conjunction with others, have infringed and continue to infringe literally and/or under the doctrine

of equivalents one or more claims, including at least claim 1of the '474 patent, by making, using, selling, offering to sell and/or importing the Accused Pistols that infringe one or more of the claims in the '474 patent.

38. On information and belief, Defendants, either alone or in conjunction with others, infringe, directly and/or indirectly (inducing infringement), at least claim 1 of the '474 patent by making, using, selling and/or offering to sell, and/or causing others to make and/or use in this judicial district and/or elsewhere in the United States, the Accused Pistols that alone or in use are covered by such claims of the '474 patent.

39. On information and belief, Defendants' customers use Defendants' Accused Pistols and are instructed and/or encouraged by Defendants to use such Accused Pistols that infringe at least claim 1 of the '474 patent.

40. On information and belief, Defendants provide and will continue to provide the Accused Pistols and encouragement and/or instructions on the use of the Accused Pistols that encourage and/or instruct their customers to use the Accused Pistols in an infringing manner, specifically intending such customers will operate the Accused Pistols in such a manner, and knowing of such use, which constitutes infringement of one or more claims of the '474 patent.

41. On information and belief, Defendants indirectly infringe one or more claims of the '474 patent in violation of 35 U.S.C. 271(b) by inducing their customers to use the Accused Pistols to directly infringe one or more claims of the '474 patent in accordance with Defendants' encouragement and/or instructions.

42. For example, on information and belief, Defendants induce direct infringement of the '474 patent by encouraging and instructing customers to use the Accused Pistols by providing instructions that encourage and/or instruct customers to use the Accused Pistols such that, by

following Defendants' encouragement and/or instructions, Defendants' customers directly infringe one or more claims of the '474 patent. Defendants engage in such inducement knowingly and, at least as early as January 9, 2024, have done so with knowledge that such activity encourages and/or instructs customers of their Accused Pistols to directly infringe the '474 patent.

43. Defendants have infringed the '474 patent without permission or license from Matrix and continue to infringe the '474 patent in violation of 35 U.S.C. § 271. Defendants are liable for infringement of the '474 patent pursuant to 35 U.S.C. § 271.

44. Defendants' acts of infringement have caused damage to Matrix, and Matrix is entitled to recover from Defendants the damages sustained by Matrix as a result of Defendants' wrongful acts in an amount subject to proof at trial.

45. Defendants' actions complained of herein will continue unless Defendants are enjoined by this Court.

46. Defendants' actions complained of herein are causing irreparable harm and monetary damage to Matrix and will continue to do so unless Defendants' infringement is enjoined and restrained by this Court. These infringing acts have caused and will continue to cause immediate and irreparable harm for which there is no adequate remedy at law. Matrix is entitled to a preliminary and permanent injunction to prevent further infringement pursuant to 35 U.S.C. § 283.

47. Defendants' infringement of the '474 patent is willful, and Matrix is accordingly entitled to enhanced damages pursuant to 35 U.S.C. § 284.

48. This is an exceptional case such that Defendants should be required to pay Matrix's reasonable attorneys' fees in accordance with 35 U.S.C. § 285.

**SECOND CLAIM FOR RELIEF**

(INFRINGEMENT OF U.S. PATENT NO. 12,264,890)

49.     Plaintiff realleges and incorporates herein by reference the allegations stated in paragraphs 1–47 of this Complaint as if set forth fully herein.

50.     This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

51.     Matrix is the owner by assignment of the '890 patent with sole rights to enforce the '890 patent and sue infringers.

52.     The '890 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the U.S. Code.

53.     Defendants through their agents, employees and/or servants, either alone or in conjunction with others, have infringed and continue to infringe literally and/or under the doctrine of equivalents one or more claims, including at least claim 1 of the '890 patent, by making, using, selling, offering to sell and/or importing the Accused Pistols that infringe one or more of the claims in the '890 patent.

54.     On information and belief, Defendants, either alone or in conjunction with others, infringe, directly and/or indirectly (inducing infringement), at least claim 1 of the '890 patent by making, using, selling and/or offering to sell, and/or causing others to make and/or use in this judicial district and/or elsewhere in the United States, the Accused Pistols that alone or in use are covered by such claims of the '890 patent.

7014900.2

**55.** On information and belief, Defendants' customers use Defendants' Accused Pistols and are instructed and/or encouraged by Defendants to use such Accused Pistols that infringe at least claim 1 of the '890 patent.

**56.** On information and belief, Defendants provide and will continue to provide the Accused Pistols and encouragement and/or instructions on the use of the Accused Pistols that encourage and/or instruct their customers to use the Accused Pistols in an infringing manner, specifically intending such customers will operate the Accused Pistols in such a manner, and knowing of such use, which constitutes infringement of one or more claims of the '890 patent.

**57.** On information and belief, Defendants indirectly infringe one or more claims of the '890 patent in violation of 35 U.S.C. 271(b) by inducing its customers to use the Accused Pistols to directly infringe at least claim 1 of the '890 patent in accordance with Defendant's encouragement and/or instructions.

**58.** For example, on information and belief, Defendants induce direct infringement of the '890 patent by encouraging and instructing customers to use the Accused Pistols by providing instructions that encourage and/or instruct customers to use the Accused Pistols such that, by following Defendants' encouragement and/or instructions, Defendants' customers directly infringe one or more claims of the '890 patent. Defendants engage in such inducement knowingly and, at least as early as the filing of this complaint have done so with knowledge that such activity encourages and/or instructs customers of their Accused Pistols to directly infringe the '890 patent.

**59.** Defendants have infringed the '890 patent without permission or license from Matrix and continue to infringe the '890 patent in violation of 35 U.S.C. § 271. Defendants are liable for infringement of the '890 patent pursuant to 35 U.S.C. § 271.

**60.** Defendants' acts of infringement have caused damage to Matrix, and Matrix is entitled to recover from Defendants the damages sustained by Matrix as a result of Defendants' wrongful acts in an amount subject to proof at trial.

**61.** Defendants' actions complained of herein will continue unless Defendants are enjoined by this Court.

**62.** Defendants' actions complained of herein are causing irreparable harm and monetary damage to Matrix and will continue to do so unless Defendants' infringement is enjoined and restrained by this Court. These infringing acts have caused and will continue to cause immediate and irreparable harm for which there is no adequate remedy at law. Matrix is entitled to a preliminary and permanent injunction to prevent further infringement pursuant to 35 U.S.C. § 283.

**63.** Defendants' infringement of the '890 patent is willful, and Matrix is accordingly entitled to enhanced damages pursuant to 35 U.S.C. § 284.

**64.** This is an exceptional case such that Defendants should be required to pay Matrix's reasonable attorneys' fees in accordance with 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Matrix prays for judgment in its favor and against Defendants, including but not limited to, the following relief:

**1.** An Order adjudging Defendants to have infringed the Asserted Patents under 35 U.S.C. § 271;

**2.** A preliminary and permanent injunction enjoining Defendants, their respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert

or participation with Defendants, from infringing each of the Asserted Patents in violation of 35 U.S.C. § 271;

     **3.**     An Order requiring Defendants to account for all gains, profits, and advantages derived by Defendants' infringement of the each of the Asserted Patents in violation of 35 U.S.C. § 271, and requiring Defendants to pay to Matrix all damages suffered by Matrix, including lost profits and/or at least a reasonable royalty;

     **4.**     An Order enhancing damages pursuant to 35 U.S.C. § 284;

     **5.**     An Order adjudging that this is an exceptional case;

     **6.**     An award to Matrix of the attorneys' fees and costs incurred by Matrix in connection with this action pursuant to 35 U.S.C. § 285;

     **7.**     An award of pre-judgment and post-judgment interest against Defendants; and

     **8.**     Such other and further relief as this Court may deem just and proper.

## <u>JURY DEMAND</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Matrix demands a trial by jury of all issues raised by this Complaint that are triable by jury.

Respectfully submitted this 3rd day of August, 2026.

WOOLF, McCLANE, BRIGHT,
  ALLEN & CARPENTER. PLLC

*s/J. Chadwick Hatmaker*
J. Chadwick Hatmaker (BPR # 018693)
Kaitlyn E. Hutcherson (BPR # 035188)

Post Office Box 900
Knoxville, Tennessee 37901
Tel: (865) 215-1000
chatmaker@wmbac.com
khutcherson@wmbac.com

and

 John T. Polasek (Texas Bar. No. 16088590)

The Polasek Law Firm, PLLC
2401 Fountain View Dr., STE 316
Houston, Texas 77057
Telephone: (832) 485-3580
ted@polaseklaw.com
*(Pro Hac Vice to be filed)*

*Attorneys for Plaintiff*

Complaint for Patent Infringement      Page 14
7014900.2
Case 3:26-cv-00367-KAC-JEM   Document 1   Filed 08/03/26   Page 14 of 14   PageID #: 14